```
        IN THE UNITED STATES DISTRICT COURT
     FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

                      CHARLESTON

MARK DEWAYNE PRICE,

        Plaintiff,

v.                                  Case No. 2:08-cv-00259

CORRECTIONAL MEDICAL SERVICES, INC.,

        Defendant.
```

## PROPOSED FINDINGS AND RECOMMENDATION

On April 17, 2008, Plaintiff filed a Complaint alleging that he received inadequate care and attention with regard to a painful testicular cyst. (Docket # 2). Pending before the court is a Motion to Dismiss filed by defendant Correctional Medical Services, Inc. ("CMS"), in which CMS asserts that Plaintiff's Complaint fails to state a claim upon which relief can be granted, and that Plaintiff failed to comply with the pre-filing requirements of West Virginia Code § 55-7B-6. (# 17).

## STANDARD OF REVIEW

The Federal Rules of Civil Procedure require that a pleader provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) correspondingly permits a defendant to challenge a complaint when it "fail[s] to state a claim upon which relief can be granted . . . ." Fed. R. Civ. P. 12(b)(6).

The required "short and plain statement" must provide "'fair

notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957), overruled on other grounds, Twombly, 127 S. Ct. at 1969)); see also Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007). Additionally, the showing of an "entitlement to relief" amounts to "more than labels and conclusions . . . ." Twombly, 127 S. Ct. at 1965. It is now settled that "a formulaic recitation of the elements of a cause of action will not do." Id. The complaint need not, however, "make a case" against a defendant or even "forecast evidence sufficient to prove an element" of the claim. Chao v. Rivendell Woods, Inc., 415 F.3d 342, 349 (4th Cir. 2005) (quoting Iodice v. United States, 289 F.3d 270, 281 (4th Cir. 2002)). Instead, the opening pleading need only contain "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level." Twombly, 127 S. Ct. at 1965. Stated another way, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." Id. at 1974.

Application of the Rule 12(b)(6) standard also requires that the court "'accept as true all of the factual allegations contained in the complaint . . . .'" Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (quoting Twombly, 127 S. Ct. at 1965); see also South Carolina Dept. Of Health And Environmental Control v. Commerce and Industry Ins. Co., 372 F.3d 245, 255 (4th Cir. 2004) (quoting

Franks v. Ross, 313 F.3d 184, 192 (4th Cir. 2002)). The court is additionally required to "draw[] all reasonable . . . inferences from those facts in the plaintiff's favor . . . ." Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999).

## ALLEGATIONS IN THE COMPLAINT

Plaintiff's Complaint alleges as follows:

> Beginning January 2008 I began having pain and examined myself and found a lump on one of my testicles. I filed a sick call slip to medical. I failed to get a response to that one or several others. I don't have the dates yet because I requested a copy of my records from CMS and they wrote back and told me send them $100.00 and they would give me a copy.[1] I sent them $100.00, I still haven't gotten the records, when and if I get them I will add the dates on an additional sheet or, if it is after I file this, I will amend it later. I finally got an answer to one, they said I was on the list to see the doctor. As it turned out, it was a nurse who said she would put me on the list to see the doctor. In between that time and the time I saw someone I was always in pain and I complained to the correctional staff who had a nurse come down to the unit and check me. She said she felt it and that it was the size of a marble. Nothing was done however. Finally they came and asked me if I wanted to go see the doctor. When I got to medical, the physician's assistant saw me. He groped me and said he didn't feel anything. I tried to get him to check again. He simply stated we were done. He put me on a antibiotic, which done nothing. I filed again to see the doctor and was finally allowed to see him. He said he felt nothing and put me on another antibiotic and a over the counter pain pill that did nothing. Once again I filed to see the doctor and this time he groped me and said he felt it and said he would put me on the list for an ultrasound and again put me on a over the counter pain pill that did nothing. As of this filing I have not had an ultrasound and the over the counter pain pills have ran out.

---

[1] The court assumes that this allegation is true. Without additional information, such a charge appears to be shockingly excessive.

(Complaint, # 2, at 4-5, 8.) Plaintiff seeks the following relief:

> 1. Grant a court order that the plaintiff be examined by a doctor outside of the Correctional Medical Services family to determine if the plaintiff has testicular cancer and if it is curable, before it is too late for medication to have an effect.
> 2. Have doctor determine if plaintiff is in pain and if so prescribe medication to alleviate it.
> 3. Grant to Plaintiff whatever the court deems reasonable for pain and suffering at the hands of Correctional Medical Services.
> 4. Grant to Plaintiff whatever the court sees proper in punitive damages.

Id., at 5-6.)

On July 16, 2008, someone, presumably Plaintiff, filed with the Clerk a radiology report dated May 14, 2008, which states that an ultrasound of Mark Price's scrotum revealed "a large cyst in the head of the left epididymis measuring approximately 1.2 cm by 9mm. * * * Follow-up study is suggested, as clinically warranted." (# 16.)

## ANALYSIS

Viewing the allegations in the Complaint as true, it appears that Plaintiff discovered a lump in his testicle in early 2008 and experienced pain, requested medical attention repeatedly, and was given an antibiotic and over the counter analgesics. It took at least four months before Plaintiff underwent an ultrasound, which confirmed the presence of a cyst.

Defendant CMS asserts that Plaintiff's Complaint fails to state a claim that his treatment violated the standard of care or

4

was negligent or the Defendant was willfully indifferent. (# 17, at 3.)

Plaintiff's response to the Motion states, in pertinent part, as follows:

> [A]s the plaintiff originally asked for medical assistance from the defendant[] in December 2007 for pain in testicle and, since the plaintiff still has not been treated to cure the source of the pain and sufficient medication to alleve pain has not been administered, it would seem that the plaintiff has and is continuing to state a sufficient claim for relief (deliberate indifference).

(# 18, at 2.)

In a case in which a *pro se* inmate claimed that prison medical officials were deliberately indifferent to his serious medical needs when they terminated his treatment for hepatitis C, the Supreme Court reversed the lower court's dismissal on the ground that the plaintiff's allegations were too conclusory. Erickson v. Pardus, 127 S. Ct. 2197 (2007). The Court quoted from Estelle v. Gamble, 429 U.S. 97, 104-05 (1976), and reiterated that:

> "[D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain . . . proscribed by the Eighth Amendment" and this includes "indifference . . . manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed."

127 S. Ct. at 2197. The Court criticized the Eighth Circuit for departing from the liberal pleading standards set forth in Rule 8(a)(2), *Fed. R. Civ. P.*, because the plaintiff was proceeding *pro*

5

*se*. "A document filed *pro se* is 'to be liberally construed,' *Estelle*, 429 U.S. at 106, 97 S. Ct. 285, and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Id., at 2200. Moreover, Rule 8(e), *Fed. R. Civ. P.*, provides that "[p]leadings must be construed so as to do justice."

The undersigned notes that Defendant states that its provision of medical services ceased on May 1, 2008 (# 17, at 3). This fact raises a question as to whether CMS was delaying or denying medical care to prisoners because its contract was ending. The ultrasound was administered on May 14, 2008.

Under the circumstances presented here, and taking into consideration Plaintiff's *pro se* status, and his response referring to "deliberate indifference," the undersigned proposes that the presiding District Judge **FIND** that Plaintiff's Complaint states a claim that CMS, the corporation providing medical services at Mount Olive Correctional Complex up to May 1, 2008, was deliberately indifferent to his serious medical needs. The fact that Plaintiff named the corporation, rather than one or more individual CMS employees, is an issue which can be addressed as this case progresses, and is another example of the requirement to construe liberally a *pro se* plaintiff's pleading.

Defendant's second ground for dismissal is based on West Virginia Code § 55-7B-6, which is part of the West Virginia Medical

6

Professional Liability Act ("MPLA"), entitled "Prerequisites for filing an action against a health care provider; procedures; sanctions." It provides:

> (a) Notwithstanding any other provision of this code, no person may file a medical professional liability action against any health care provider without complying with the provisions of this section.
>
> (b) At least thirty days prior to the filing of a medical professional liability action against a health care provider, the claimant shall serve by certified mail, return receipt requested, a notice of claim on each health care provider the claimant will join in litigation. The notice of claim shall include a statement of the theory or theories of liability upon which a cause of action may be based, and a list of all health care providers and health care facilities to whom notices of claim are being sent, together with a screening certificate of merit. The screening certificate of merit shall be executed under oath by a health care provider qualified as an expert under the West Virginia rules of evidence and shall state with particularity: (1) The expert's familiarity with the applicable standard of care in issue; (2) the expert's qualifications; (3) the expert's opinion as to how the applicable standard of care was breached; and (4) the expert's opinion as to how the breach of the applicable standard of care resulted in injury or death . . . .

W. Va. Code § 55-7B-6. The MPLA defines "medical professional liability" as "any liability for damages resulting from the death or injury of a person for any tort or breach of contract based on health care services rendered, or which should have been rendered, by a health care provider or health care facility to a patient." W. Va. Code § 55-7B-2(i). Under the statute, "health care facility" includes a "state-operated institution or clinic providing health care." W. Va. Code § 55-7B-2(f).

CMS asserts:

> Dismissal of this Complaint is proper under the provisions of the West Virginia Medical Professional Liability Act (W. Va. Code § 55-7B-6). That statute provides that no person may file a medical professional liability action against any health care provider without complying with the provisions of § 55-7B-6.
>
> This plaintiff did not provide the notice of claim or the screening certificate of merit described in § 55-7B-6 nor did he comply with the requirement of (c) to explain why no screening certificate of merit is required in this case.
>
> It is not surprising that no screening certificate of merit was provided as the Complaint does not even allege a negligent act or omission.
>
> There can be no doubt that [CMS] is a "health care facility" as defined by W. Va. Code § 55-7B-2(f). [CMS] is entitled to the protection of the Act including the requirement of a screening certificate of merit to reduce or eliminate meritless litigation against healthcare providers. * * *

(# 17 at 4.)

Plaintiff's response to this ground for dismissal states that "he, being in pain and under the care of a indifferent corporation, was and is in direct need of the court's intercession on his behalf. And waiting for said corporation to act on his behalf was no longer feasible." (# 18, at 2.)

A suit filed pursuant to 42 U.S.C. § 1983 asserting a violation of a plaintiff's Federal constitutional right to be free of cruel and unusual punishment raises issues of federal law which may not be limited by a State statute. Plaintiff has not asserted a State claim of medical malpractice or negligence which would

implicate State law.  Accordingly, the pre-filing requirements of the MPLA have no application to Plaintiff's Eighth Amendment claims.  See Erie R. Co. v. Tompkins, 304 U.S. 64 (1938)("Except in matters governed by the Federal Constitution or by Acts of Congress, the law to be applied in any case is the law of the state"); Foreman v. FCI Beckley, Case No. 5:04-cv-01260, 2006 WL 4537211 (S.D. W. Va., Mar. 29, 2006)(Medical negligence claim brought under FTCA was dismissed for failure to comply with MPLA pre-filing requirements, but Bivens claim for deliberate indifference to serious medical need was not dismissed).  The undersigned proposes that the presiding District Judge **FIND** that the West Virginia Medical Professional Liability Act does not apply to Federal suits filed pursuant to 42 U.S.C. § 1983, and alleging deliberate indifference to a serious medical need.

For these reasons, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** the Motion to Dismiss (# 17) filed by CMS.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), the Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have ten days (filing of objections), and then three days (service/mailing), from the date of filing this

Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Synder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Faber and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Plaintiff and counsel of record.

    August 8, 2008
        Date

*Mary E. Stanley*
Mary E. Stanley
United States Magistrate Judge