```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

                        CHARLESTON
```

**MARK DEWAYNE PRICE,**

    **Plaintiff,**

**v.**                                    **Case No. 2:08-cv-00259**

**CORRECTIONAL MEDICAL SERVICES, INC.,**

    **Defendant.**

## PROPOSED FINDINGS AND RECOMMENDATION

On April 17, 2008, Plaintiff, an inmate at Mount Olive Correctional Complex, filed a Complaint alleging that he received inadequate care and attention with regard to a painful testicular cyst (docket # 2). Pending before the court is the second Motion to Dismiss filed by defendant Correctional Medical Services, Inc. ("CMS"), in which CMS asserts that Plaintiff's Complaint fails to state a claim upon which relief can be granted because Defendant is not a "person" within the meaning of 42 U.S.C. § 1983 (# 22). Due to ambiguity as to Plaintiff's claim, by Order entered September 12, 2008 (# 28), the court directed Plaintiff to file a response. Plaintiff's response (# 33) specifies that it is "CMS' custom to postpone, delay, etc. when their contracts are nearing completion and that is what they did here, causing my pain and suffering to continue." In other words, Plaintiff alleges that CMS, knowing that its contract with the West Virginia Division of Corrections was expiring, withheld needed medical care from Plaintiff.

The undersigned has previously set forth (in Proposed Findings and Recommendation filed August 8, 2008, # 18), the appropriate standard of review and the allegations of the complaint.

## ANALYSIS

Defendant cites Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989), for the proposition that CMS does not qualify as a "person" for the purpose of 42 U.S.C. § 1983. The Brooks case held that the jail is not a person, and cited other cases which hold that various entities or buildings are not "persons." As noted by the undersigned in its order entered September 12, 2008 (# 28), "[a] private corporation is liable under § 1983 only when an official policy or custom of the corporation causes the alleged deprivation of federal rights." Austin v. Paramount Parks, Inc., 195 F.3d 715, 728 (4th Cir. 1999). Plaintiff's explanation of his claim, as set forth in the complaint and his response to the motion, sufficiently state a claim that CMS had a policy or custom of delaying or withholding medical care in anticipation of the expiration and loss of its contract at Mount Olive.

Under the circumstances presented here, the undersigned proposes that the presiding District Judge **FIND** that Plaintiff's Complaint states a claim that CMS, the corporation providing medical services at Mount Olive Correctional Complex up to May 1, 2008, had a policy or custom of being deliberately indifferent to

an inmate's serious medical needs by withholding or delaying treatment in anticipation of its loss of its contract.

For these reasons, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** the Motion to Dismiss (# 22) filed by CMS.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), the Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have ten days (filing of objections), and then three days (service/mailing), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Synder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). Copies of such

objections shall be served on opposing parties, Judge Faber and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Plaintiff and counsel of record.

| | |
|---|---|
| November 10, 2008<br>Date | *Mary E. Stanley*<br>Mary E. Stanley<br>United States Magistrate Judge |